IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

                Plaintiff,                     ORDER

v.

                                          12-cv-559-wmc

CINDY HARDING, *et al.*,

                Defendants.

---

       Plaintiff Jeffrey Davis claims that defendants violated his constitutional rights and state negligence law by failing to take reasonable measures to stop him from harming himself. Now before the court are a variety of motions:

1. **Discovery Motions**

     a. **Motion to Quash**

       First is a series of discovery motions. Defendants have filed a motion to quash plaintiff's second set of requests for admissions (RFAs), which totals 826 RFAs. Defendants believe that this is excessive and unduly burdensome, and on first glance, that number does seem high. On the other hand, plaintiff points out that with 18 defendants in the case, it works out to about 46 requests per defendant, which is not an exceedingly large number. He argues also that defendants do not make more specific objections beyond the sheer volume of requests, and they did not attempt to informally resolve the dispute before filing their motion to quash.

       My own examination of the requests shows that they are generally well-parsed, discrete questions about relevant events. This is a fact-intensive case involving seven different incidents of attempted self-harm by plaintiff concerning 18 defendants. The court's analysis of this motion also should take into account the number of requests plaintiff made in his first set, but defendants do not inform the court of that number. Thus, although the total number of

requests is large, given the fact-intensive nature of the case, it is not obviously high, nor unprecedented, *see Sequa Corp. v. Gelmin*, 1993 WL 350029 (S.D.N.Y. Sept. 7, 1993) (district court denied request for protective order relieving defendants of obligation to respond to about 90% of plaintiff's 1441 requests), and defendants do not provide a detailed-enough argument for why the request should be quashed. Accordingly, I will deny defendants' motion to quash, although they remain free to object to individual requests as is appropriate under the rules.

### b. Motions to Compel

Plaintiff has filed a motion to compel discovery of several documents. The first category of documents is various WRC Policies and procedures, to which defendants object based on concerns over preventing inmates from defeating WRC procedures by planning behaviors that counter planned responses to security threats. This is a legitimate concern. Plaintiff has failed to articulate a persuasive, specific need for the requested documents and any minimal relevance of these documents is outweighed by the potential to jeopardize institution security. Going forward, plaintiff may renew his request, and the court would consider having defendants submit the documents to the court *in camera*, but only if plaintiff can explain with specificity how these documents are relevant to his claims. It is important to note that the mere violation of a facility policy is not necessarily evidence that defendants acted with deliberate indifference.

Next, plaintiff seeks various materials that defendants would not provide due to the Health Information Portability and Accountability Act. In particular, plaintiff seeks various materials containing the names of other inmates at WRC during the events of this case. Defendants counter that disclosing the names of inmates at WRC, "a specialized mental health

facility," would violate HIPAA. In addition, plaintiff does not explain how the names of these inmates would lead to the discovery of admissible evidence in this case. Therefore, I am denying this portion of the motion.

I am denying similar portions of plaintiff's requests as well. Plaintiff seeks "census rounds" records in part to "show the times and persons making said census rounds." Defendants state that they have produced these logs with inmate names redacted, so it would appear that plaintiff has already received what he now seeks. Plaintiff also seeks a videotape of events at WRC, but defendants have already responded that no such tape exists. I accept that response.

Finally, plaintiff also seeks all records of his trips to the hospital, as well as "[a]ny and all correspondences between the plaintiff and WRC staff . . . regarding the events [of this case]." Defendants correctly point out that plaintiff has access to his own medical records. Regarding correspondence, defendants state that they have already responded to this request, plaintiff already has access to his medical record and social services file, and he should already have copies of documents he received from prison staff. Therefore, I will deny this portion of plaintiff's request. To the extent that plaintiff seeks individual records, he may renew his motion to compel but plaintiff will have to explain what particular document he seeks and why defendants' previously raised objections do not apply.

In plaintiff's second motion to compel discovery, he takes issue with defendants' responses to four interrogatories. However, in each instance, defendants either responded to the interrogatory with what they knew or they answered that they did not know and could not find the information plaintiff sought. These are appropriate answers, so the motion will be denied.

## 2. Recruitment of Counsel

Plaintiff has filed a motion to reconsider this court's earlier denial of motions for assistance in recruiting counsel, as well as several renewed motions for help in recruiting counsel. In the previous order denying plaintiff's motions, dkt. 36, I stated:

> Plaintiff argues that he has no legal knowledge and suffers from mental illness, but plaintiff's filings have been clear and appropriately directed. There is nothing in the record to suggest that plaintiff's is incapable of gathering and presenting evidence to prove his claims. Although plaintiff may be lacking in legal knowledge and skill, this handicap is almost universal among pro se litigants.
>
> * * *
>
> Finally, there is no way of knowing this at this early stage in plaintiff's case whether it will go to trial. Many cases are resolved before trial, either on dispositive motions or through settlement. Plaintiff's mental health issues may present a legitimate concern, but he has not yet shown that they have affected his litigation of this case. As this case progresses, it might become clear that the court's assistance in the recruitment of counsel is required, but this is not clear right now, so for now I will deny plaintiff's motion.

Nothing in plaintiff's new motions persuades me that I was incorrect in denying his earlier motions. In particular, his filings have been relatively well reasoned, and it appears that has the assistance of at least one jailhouse lawyer. I will deny plaintiff's renewed motions without prejudice, and he remains free to renew his motions at a later stage of the proceedings.

## 3. Summary Judgment Deadline

Plaintiff has filed a motion to stay pending deadlines, dkt. 54, and a motion for the court to appoint an expert and extend the deadline for disclosure of expert witnesses. Defendants responded, opposing appointment of an expert, but stating that they would not oppose the

extension of the expert deadline if the August 27, 2013 summary judgment deadline were also extended. Plaintiff replied by stating that he would prefer not to extend the summary judgment deadline and would rather withdraw his earlier motions to stay pending deadlines, appoint an expert and extend the deadline for disclosure of expert witnesses. Therefore, I will consider those motions withdrawn. Based on the parties' submissions, I consider this to mean that the August 27 summary judgment deadline will remain in place. Given the timing of this order, as a courtesy I will extend the deadline to August 30, 2013. Defendants remain free to file a formal motion for an extension of that deadline if I misunderstand their position.

## ORDER

It is ORDERED that:

(1) Defendants' motion to quash plaintiff Jeffrey Davis's second set of requests for admissions, dkt. 37, is DENIED.

(2) Plaintiff's motions to compel, dkts. 70 and 72, are DENIED.

(3) Plaintiff's motion to reconsider the denial of his previous motions for the court's assistance in recruiting counsel, dkt. 40, and his renewed motions for the court's assistance in finding a lawyer, dkt. 43, 55 and 64, are DENIED WITHOUT PREJUDICE.

(4) Plaintiff's motion to withdraw his earlier motion to stay deadlines, and motion for appointment of expert and extension of the expert disclosure deadline, dkt. 83, is GRANTED.

(5) The deadline to file dispositive motions is extended to August 30, 2013.

Entered this 26th day of August, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge