IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

                         Plaintiff,

     v.

CINDY HARDING, *et al.*,

                         Defendants.

ORDER

12-cv-559-wmc

---

      State inmate Jeffrey M. Davis, Jr., filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Columbia Correctional Institution. Now before the court is defendants' motions for summary judgment (dkt. #85) and for stay (dkt. #168), as well as plaintiff's request for counsel (dkt. #165). For the reasons set forth below, the court will deny defendants' motion for summary judgment as it pertains to defendant Cindy Harding, reserve judgment with respect to the remaining defendants and recruit counsel for plaintiff going forward.

BACKGROUND

      The basic, relevant facts and claims in this case are set forth in the court's screening order (dkt. # 9) and will not be repeated at length here. The background set forth here is simply to provide context.

      Davis alleges that he has harmed himself on several occasions after telling various prison officials that he was having suicidal thoughts. Davis alleges that all of the named defendants knew that he suffers from various mental illnesses and has a propensity to swallow objects in an effort to harm himself. With respect to the conduct of the

individual defendants, the court found in the screening order that Davis's allegations were sufficient to state a claim against the following defendants:

1. On January 5, 2012, defendants Rutherford, Stoinski, Lemke, Zutz and Hans ignored Davis's threats of self-harm and other signs of his intent to attempt to commit suicide.

2. On February 23, 2012, defendants Hans, Harding, Dehn, Miller and Rutherford ignored Davis's threats that he was going to commit suicide.

3. During February 2012, defendants Kally, Liz, Stoinski, Dehn and Lemke gave Davis pills, but failed to observe him ingest them, even though they knew he was at risk for an overdose.  Defendant Harding failed to take action as their supervisor, even after Davis had informed her of what was happening.

4. Defendants Liz, Ratchman and Stern failed to get Davis immediate medical attention following his suicide attempt on the night of February 27, 2012 and early morning hours of February 28, 2012.

5. On February 29, 2012, defendants Robl and Kaufman failed to take reasonable measures when Davis threatened self-harm and requested psychological care.

6. On the evening of February 29 and the early morning hours of March 1, 2012, defendants Drake and Gasson failed to take reasonable measures to prevent Davis from attempting to commit suicide.

7. On May 1, 2012, defendants Priebe and Weiland failed to take reasonable measures to prevent Davis from swallowing razors hidden in his cell.

2

OPINION[1]

To state an Eighth Amendment claim based on a failure to prevent harm, an inmate must demonstrate that (1) the harm that befell the prisoner was objectively, sufficiently serious and a substantial risk to his health or safety; and (2) the individual defendants were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also, e.g., Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (citing *Matos ex. Rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003) (citation omitted)).

It goes without saying that suicide and attempted suicide pose a "serious" risk to an inmate's health and safety.  *See Collins*, 462 F.3d at 760 (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001)); *see also Rice ex. Rel. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 665 (7th Cir. 2012) ("[P]rison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies."). Where the harm at issue is a suicide or attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded that risk." *Collins*, 462 F.3d at 761 (citing *Matos*, 335 F.3d at 557); *see also Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000) (defendant must be aware of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing the act).

---

[1] Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all disputed facts and draw all inferences from those facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-55 (1986).

3

Defendants' recent filings now "concede that plaintiff has created a genuine issue of material fact as to his 8th Amendment claim against Cindy Harding." (Dkt #168 at 1.) While this concession does not extend to plaintiff's state-law claim against Harding, the court concludes in light of this concession that a material question of fact exists as to plaintiff's constitutional claim that defendant Harding was deliberately indifferent to Davis's threat of suicide pursuant to 42 U.S.C. § 1983. As such, the motion for summary judgment regarding that claim will be denied and this claim will proceed to trial.

Defendants also request a stay in this case pending a decision on the remainder of their pending motion for summary judgment. In light of its other rulings today, the court will grant that request by striking all upcoming deadlines in the pretrial conference order.

Plaintiff has also made a request for recruitment of counsel. Given the evidence on summary judgment that the defendant suffers from an assortment of mental illnesses, as well as other limitations inherent with his status as an indigent inmate, and given that this case will proceed to trial at minimum on the constitutional claim against defendant Harding, it is clear that plaintiff would benefit from legal counsel. To that end, the court will grant plaintiff's request to recruit volunteer counsel to represent him on a *pro bono* basis.[2] (Dkt. #165.)

Upon the filing of a formal Notice of Appearance by counsel, the parties' counsel are to meet and confer on the scope of the issues and number of defendants actually in dispute. For instance, with respect to the pending motion for summary judgment,

---

[2] In light of the Seventh Circuit's ruling in *Garner v. Sumnicht*, — F. App'x —, 2014 WL 278493 (7th Cir. Jan. 27, 2014), plaintiff's counsel will be afforded an opportunity to review the present filings relevant to defendants' motion for summary judgment before disposition of same.

plaintiff may concede claims against particular defendants; similarly, defendants may make further concessions as to disputed facts. The court will also hold a status conference on March 3, 2014. Counsel for both parties will be expected to provide the court with a status report at that time. As appropriate, the court will also set a new schedule for this matter.

Until further guidance from counsel on March 3rd, the court will reserve ruling on the remainder of defendants' motion for summary judgment. Counsel are also free to advise whether they wish oral argument on the remainder of that motion.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by defendants in (dkt. # 85) is DENIED with respect defendant Harding's constitutional claim and RESERVED with respect to all other claims.

2. The defendants' motion to stay deadlines until further notice is provided by the court at the status conference set for March 3, 2014 (dkt. # 168) is GRANTED.

3. All remaining deadlines in the pretrial conference order (dkt. # 22) are STRUCK.

4. The request for recruitment of legal counsel by plaintiff (dkt. # 165) is GRANTED.

5.  Counsel for the parties are to meet and confer, as well as attend a status conference on March 3, 2014, at 9:00 a.m. as set forth in this Order.

Entered this 6th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge