IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

        Plaintiff,

v.

CINDY HARDING, *et al.*,

        Defendants.

ORDER

12-cv-559-wmc

---

    State inmate Jeffrey M. Davis, Jr., filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Wisconsin Resource Center. In one of his claims, Davis alleged that Dr. Jasmine Rutherford violated his rights under federal and state law by failing to protect him from self-harm on January 5, 2012. In particular, Davis alleged that Dr. Rutherford acted with deliberate indifference to the risk that he would engage in self-harm or attempt suicide after he tendered a Psychological Service Request form on January 5 advising her that he was having "suicidal thoughts." After Dr. Rutherford decided that Davis could wait to be seen, Davis engaged in self-harm by swallowing his room key and a pair of fingernail clippers along with some disinfectant cleaning solution. Davis argued that her decision violated the Eighth Amendment deliberate-indifference standard and also constituted medical malpractice.

    On October 3, 2014, the court granted defendants' motion for summary judgment on Davis's Eighth Amendment deliberate-indifference claim against Dr. Rutherford, but denied summary judgment on Davis's state-law claim for medical malpractice. Davis has filed a motion for reconsideration, arguing that the record contains evidence from which a reasonable trier of fact could conclude that Dr. Rutherford acted with deliberate indifference

in violation of the Eighth Amendment. Defendants also move for reconsideration, asking the court to grant summary judgment on Davis's state law medical-malpractice claim. Alternatively, defendants ask the court to decline supplemental jurisdiction over Davis's medical-malpractice claim. Both motions are denied for reasons set forth briefly below, as well as those articulated more fully in the court's original summary judgment decision.

I. Plaintiff's Motion for Reconsideration

Davis asks the court to reconsider granting summary judgment on his Eighth Amendment deliberate-indifferent claim against Dr. Rutherford based on the following evidence:

- Having reviewed Davis's medical records, Dr. Rutherford knew prior to January 5, 2012, that Davis was a potential risk for self-harm or suicide.[1]

- Dr. Rutherford met with Davis on January 3, during which time he was very upset and told her that he intended to commit suicide on January 8. Davis also told her that he had stopped taking his lithium, which she understood to indicate an increased risk of an actual suicide attempt or incident of self-harm.[2]

- On January 4, Dr. Rutherford sent an e-mail to Davis's treatment team noting that Davis had a "history of threatening suicide and not following through with any attempt," but that he "could be serious." She asked staff to be "observant of his demeanor and behavior in the upcoming days to determine his need for obs placement."[3]

- On the morning of January 5, Davis submitted a Psychological Service Request ("PSR") form advising Dr. Rutherford that he was having "suicidal thoughts."[4]

- Typically, a PSR referencing suicidal thoughts required an "immediate[]" response to determine whether an inmate's need to be seen was "urgent."[5] This required a

---

[1] Dkt. # 220, Rutherford Dep. at 56:21-25.
[2] Dkt. # 220, Rutherford Dep. at 87:15-88:5.
[3] Dkt. # 101, Rutherford Decl., Exh. C at 2-3.
[4] Dkt. # 101, Rutherford Decl., ¶ 18.
[5] Dkt. # 220, Rutherford Dep. at 65:11-25.

2

risk assessment to determine "the need for emergency placement" and "imminent risk."[6] No risk assessment was done, however, on January 5, 2012.

As noted in the court's October 3, 2014 opinion, there is a dispute about whether Dr. Rutherford spoke to Davis in response to his PSR submitted on the morning of January 5. Dr. Rutherford states that she spoke to Davis and told him she would meet with him immediately after seeing another inmate and that Davis responded that this would be "OK."[7] Davis contends that he had "no conversation" with Dr. Rutherford after he submitted the PSR.[8] Regardless, there is no dispute that Dr. Rutherford checked Davis's demeanor, determined that he was being monitored in the dayroom by psychiatric care technicians ("PCTs") and decided that Davis could wait to be seen without performing a more searching, formal inquiry.[9]

Davis again argues that Rutherford was required to perform a risk assessment to determine whether he was at risk for suicide or self-harm once in receipt of his PSR on January 5, and that her failure to do so constitutes deliberate indifference in violation of the Eighth Amendment. Davis further argues that if Rutherford had conducted a formal risk assessment, she would have been required to place him in observation status or under heightened monitoring while he waited to be seen.

Based on the record, the court disagreed, concluding that Rutherford's failure to conduct a formal risk assessment was, at most, a "negligent exercise of professional

---

[6] Dkt. # 220, Rutherford Dep. at 67:12-14.
[7] Dkt. # 101, Rutherford Decl., ¶ 18.
[8] Dkt. # 119, Resp. to DPFOF ¶ 48 (citing Davis Aff., ¶¶18-19).
[9] Dkt. # 220, Rutherford Dep. at 99:6-100:20.

3

judgment, not deliberate indifference."[10] Plaintiff's own expert opines no more, concluding that Rutherford's failure to conduct an immediate risk assessment fell short of the standard of care, but was not the type of grievous error that would constitute deliberate indifference.[11]

As the court acknowledged in its October 3, 2014 opinion, this case presents a close question since there is sufficient evidence for a jury to reasonably find Rutherford knew that Davis was a potential risk of self-harm, that he was agitated and that he was off of his medication. There is no dispute, however, that Rutherford also knew Davis used threats of self-harm to manipulate staff and that he had not acted on a threat of self-harm in over three years. Under these circumstances, Rutherford exercised professional judgment in deciding how to prioritize Davis's demands on her time in deciding that he could be seen immediately after another patient.

To prevail on his Eighth Amendment claim against Dr. Rutherford, Davis was required to demonstrate that she acted with deliberate indifference to his health or safety by showing that she knew Davis was at substantial risk of committing suicide or self-harm, but intentionally disregarded that risk. *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003). Resolving all factual disputes in Davis's favor, the record does not demonstrate that Dr. Rutherford acted with the requisite deliberate indifference, which "may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from

---

[10] Dkt. # 242, Opinion and Order, at 44.
[11] Dkt. # 189, Woods Dep. at 106:15-107:7.

accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). Davis has offered *no* evidence that Rutherford's decision to make another patient's needs a priority was an act of deliberate indifference, rather than one of many ordinary acts of discretion doctors are called on to exercise multiple times a day. To the extent that Rutherford committed an error in judgment, therefore, such an error "'leads only to negligence,' not to deliberate indifference." *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Matos*, 335 F.3d at 557). Accordingly, plaintiff's motion for reconsideration on his deliberate indifference claim against Dr. Rutherford will be denied.

## II. Defendants' Motion for Reconsideration

Defendants also filed a motion to reconsider the court's denial of summary judgment on Davis's medical-malpractice claim, arguing that his acts of self-harm constitute a superseding cause, which precludes a finding of liability. In doing so, defendants essentially re-argue their original contention that the superseding cause doctrine precludes an individual from bringing a negligence cause of action for acts of self-harm or suicide. Alternatively, defendants ask the court to decline supplemental jurisdiction over Davis's state law medical-malpractice claim against Dr. Rutherford.

### A. Suicide and the Superseding-Cause Limitation on Liability in Negligence Cases

As the court readily acknowledge previously in its October 3 order, the doctrine of superseding cause would typically preclude an individual from bringing a negligence cause of action for acts of self-harm or suicide. *See Taylor v. Wausau Underwriters Inc.*, 423 F. Supp. 2d 882, 899-901 (E.D. Wis. 2006); *see also McMahon v. St. Croix Falls School Dist.*, 228 Wis. 2d 215, 224, 596 N.W.2d 875, 879 (1999) ("Wisconsin follows the general rule that 'suicide constitutes an intervening force which breaks the line of causation from the wrongful act to the death and therefore the wrongful act does not render defendant civilly liable.'") (quoting *Bogust v. Iverson*, 10 Wis. 2d 129, 137, 102 N.W.2d 228, 232 (1960)). Courts have, however, recognized two exceptions to the rule that suicide constitutes a superseding cause in a wrongful death action: "The first is where defendant's negligent or criminal conduct can be said to have caused the deceased to commit suicide. The second is where a special relationship exists between the defendant and the deceased justifying the creation of a duty to prevent suicide or other physical harm." *Taylor*, 423 F. Supp. 2d at 898 (quoting *Logarta v. Gustafson*, 998 F. Supp. 998, 1004 (E.D. Wis. 1998)). With respect to the second exception, which was addressed at length by Judge Griesbach in the *Taylor* case, the majority rule holds that the superseding cause doctrine does not apply when a custodian of a prison or jail inmate is allegedly negligent in failing to prevent an inmate suicide. *See Taylor*, 423 F. Supp. 2d at 898 (citing *Joseph v. State*, 26 P.3d 459, 474 (Alaska 2001) (collecting cases)).

Prison officials have a duty to "take reasonable measures to guarantee the safety of inmates," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and internal quotation omitted), which includes protecting them from known risks of suicide or acts of self-harm. *See, e.g., Minix*, 597 F.3d at 831; *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006); *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Applying the above-referenced second exception to the acts of self-harm inflicted by Davis, this court rejected defendants' argument that a superseding cause precludes a negligence claim in this case.[12] In their motion to reconsider, defendants neither demonstrate that this conclusion was reached in error nor that they are entitled to summary judgment on Davis's negligence claim against Dr. Rutherford for this reason. Accordingly, defendants' motion for reconsideration on this basis will be denied.

### B. Retaining Supplemental Jurisdiction

Originally, this court granted Davis leave to proceed with federal and state law claims concerning the conditions of his confinement at the Wisconsin Resource Center, where Dr. Rutherford and the other defendants were employed. A district court with original jurisdiction over a federal claim has supplemental jurisdiction over any state law claims that form the "same case or controversy" as the federal claim. 28 U.S.C. § 1367(a). Thus, where a state law claim and a federal claim "'derive from a common nucleus of operative fact,'" the court has jurisdiction over those claims. *Wisconsin v. Ho-*

---

[12] Dkt. # 242, Opinion and Order, at 65-66.

*Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)).

The court exercised supplemental jurisdiction over plaintiff's state-law medical malpractice claim because it derived from the same operative facts that formed the basis of plaintiff's Eighth Amendment claim against Dr. Rutherford. Now that the Eighth Amendment claim against Dr. Rutherford has been dismissed on summary judgment, defendants argue that the court should decline to exercise supplemental jurisdiction over the state-law medical malpractice claim.

A district court may decline to exercise supplemental jurisdiction over a state-law claim for the following reasons:

1. The claim raises a novel or complex issue of state law;
2. The claim substantially predominates over the claim or claims over which the court has original jurisdiction;
3. The district court has dismissed all claims over which it has original jurisdiction; or
4. In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to these discretionary factors, "a district court should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also City of Chicago v. Int'l College of Surgeons*,

522 U.S. 156, 173 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Defendants primarily argue that plaintiff's state-law medical malpractice claim raises a novel question of state law because Wisconsin courts have not yet decided whether the superseding cause limitation applies in the prison context. Reasoning that Davis's acts of self-harm are "volitional and directly targeted with a goal in mind," defendants argue further that public policy supports application of the superseding cause limitation to bar Davis's state law claim against Rutherford.

While state courts in Wisconsin have not yet considered a case applying the superseding cause limitation to a claim brought by an inmate in the state penitentiary for failure to protect from self-harm, as noted above, other courts have addressed that issue and the majority have found that the superseding cause limitation does not apply to acts of self-harm or suicide committed in the custodial setting. *See Taylor*, 423 F. Supp. 2d at 898 (citing *Joseph*, 26 P.3d at 474 (collecting cases)). The court is not persuaded by defendants' argument that Wisconsin courts would be inclined to adopt the minority rule that they propose -- namely, that an inmate's acts of self-harm or attempted suicide excuse liability for negligent failure to protect from self-harm or suicide. Tellingly, defendants point to no other case in which a court has adopted a superseding-cause limitation (where self-harm or attempted suicide has occurred in the prison setting) for the asserted reason that failure to adopt such a limitation on liability would result in a "payday" that would "give manipulative inmates more incentive to engage in self-harm."

Notwithstanding defendants' arguments, Davis's underlying claim itself -- for medical malpractice -- is not novel or complex. Moreover, other reasons counsel in favor of retaining jurisdiction. As an initial matter, this is not a case in which all of plaintiff's federal claims have been dismissed. The medical malpractice claim has underlying facts in common with at least one of plaintiff's remaining federal claims, the allegation that Derrick Stoinski failed to protect Davis from self-harm on January 5, 2012. That there are factual distinctions between the claims against Dr. Rutherford and the federal claims against the other defendants is of no particular moment since the parties recently waived a jury trial and have agreed to try this case to the bench. Under these circumstances, the convenience of resolving all of Davis's claims in one proceeding weighs in favor of retaining jurisdiction over his medical malpractice claim.

Finally, this case has been pending for more than two years. At this point, both the court and the parties have expended substantial resources on the malpractice claim. The court has recruited counsel to assist plaintiff and the parties have engaged in extensive discovery. The court has issued a lengthy opinion on summary judgment and trial is less than one month away. Because forcing Davis to start over in state court would result in a substantial duplication of effort, factors of judicial economy and fairness also favor retaining jurisdiction over Davis's pendent medical malpractice claim. *See Gibbs*, 383 U.S. at 726; *see also Upthegrove v. Health Professionals, Ltd.*, No. 07-cv-596-bbc, 2009WL2244723, *7 (W.D. Wis. July 24, 2009). Accordingly, defendants' motion for an order declining supplemental jurisdiction is denied.

ORDER

IT IS ORDERED that:

1. The defendants' motion for reconsideration (dkt. # 243) is DENIED.

2. Plaintiff's motion for reconsideration (dkt. # 245) is DENIED.

Entered this 24th day of October, 2014.

          BY THE COURT:

          /s/

          _____
          WILLIAM M. CONLEY
          District Judge